# Exhibit L

| From: | Matthew D. Elster |
|---|---|
| To: | John Kelly |
| Cc: | Steven R. Levin; Alvin R. Becker; Richard I. Levin; John W. Krutulis |
| Subject: | Home Opportunity |
| Date: | Thursday, July 1, 2021 1:24:41 PM |
| Attachments: | image001.png |

-External Sender-

Mr. Kelly:

Your email from last night demanded my immediate attention. I hope that this response, less than 24 hours later, suffices as immediate. I further hope you will excuse the brevity and lack of formality (and excessive emphasis) in my email. I will try better next time. A few points:

1. Suffice it to say, we disagree with your position for a number of reasons, the least of which being the lack of any explanation as to how Home Opportunity could contract to maintain minimum balances in accounts which it supposedly does not own or control. This is an issue the citation court will have to take up. We will not be withdrawing our Motion.
2. Even if we wanted to withdraw our Motion (which, I assure you, we do not), I am unaware of any authority which permits the citation court to entertain such a request at this point. Given the pendency of our Motion for over a month, I am a bit perplexed that I am first hearing from you a week after your client's actions divested the court of authority to grant the relief you now seek. He seems to have placed the cart before the horse here.
3. As expected, the citation judge placed this matter on the bankruptcy stay calendar this afternoon. In other words, everything—including our third-party citation to WAB and the accounts in question—remains frozen in place pending further order of court.
4. The bottom line is we issued a proper third-party citation to discover assets to an entity which we reasonably—and correctly—believe possesses assets of a judgment debtor responsible for the death of our client's mother. WAB acted in accordance with Illinois law and froze the accounts in question pending the resolution of our citation and turnover motion. Mr. Cardon's decision to seek Chapter 7 protections on behalf of the judgment debtor all but ensured this freeze will remain in place unless and until (1) the stay is modified and (2) your client's request to quash the third-party citation or my motion for turnover is granted. Any harm to his businesses is self-inflicted. If and when the issue comes back before a Cook County Judge, I suspect he will agree with our position. I look forward to that day.

Best,
Matt

Matthew D. Elster | Partner
161 N Clark St., Suite 3000 | Chicago, IL 60601
Tel: 312.621.1232 | Fax: 312.621.0909
mdelster@beermannlaw.com | www.beermannlaw.com



**CONFIDENTIAL E-MAIL**

This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.