```
 1  TERRY A. DAKE, LTD.
    P.O. Box 26945
 2  Phoenix, Arizona  85068-6945
    Telephone: (602) 710-1005
 3  tdake@cox.net

 4  Terry A. Dake - 009656

 5  Attorney for Trustee
```

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | ) | In Chapter 7 Proceedings |
|---|---|---|
| HOME OPPORTUNITY, LLC; | ) | Case No. 2:21-BK-04924-EPB |
| Debtor. | ) | |

### JOINDER IN MOTION TO EXTEND

The trustee joins in the motion for an extension of time filed by Joseph Ware ("Ware") at Admin. Dkt. No. 23 and moves this Court to extend the time for both the trustee and Ware to respond to the motion filed by Window Rock Investments ("WRI") et al. at Admin. Dkt. No. 17. The trustee's motion is more fully set forth in and is supported by the following Memorandum Of Points and Authorities.

DATED August 6, 2021.

                                                        *TERRY A. DAKE, LTD.*

                                                        By /s/ TD009656
                                                           Terry A. Dake - 009656
                                                            P.O. Box 26945
                                                           Phoenix, Arizona 85068-6945
                                                           Attorney for Trustee

### MEMORANDUM OF POINTS AND AUTHORITIES

As set forth in the Ware motion at Admin. Dkt. No. 23, the seeds of this bankruptcy case were sown 5 years ago with the tragic death suffered by Evoughn Ware. Four years later, Ware obtained a

judgment in January of 2020 and has pursued collection since then. Thus, Ware has far more experience with, and knowledge of, the affairs of this debtor (and its affiliates) than does the trustee, whose involvement with this matter began less than a month and a half ago. The Schedules and SOFA were filed just 30 days ago, Admin. Dkt. No. 10, and the creditors' meeting was held on July 26, 2021. Admin. Dkt. No. 4. And, the representative of the debtor who appeared to testify had less than a complete grasp of the debtor's financial affairs.

The trustee is informed and believes that, at one time, this debtor had numerous parcels of real property. See, Admin. Dkt. No. 18-1, pp. 40-49. Now that Ware has a judgment, the debtor has nothing more than a handful of distressed properties that are apparently subject to a variety of liens and other issues. See, Admin. Dkt. No. 10, Item 55. Likewise, the debtor has had no bank accounts in the last two years, yet money due the debtor has been deposited into an account in the name of Window Rock Manager, LLC and offset against debts that are reportedly due to that entity. Admin. Dkt. No. 10, Schedule B and SOFA Items 3.1, 4.1 and 18. Simply put, it appears that the debtor has been bled out over the last 5 years leaving little more than a pile of bones. Now, an entity with a name similar to the one that has been collecting the remaining funds that were due to the debtor wants this Court to decide that money frozen by Western Alliance Bank has nothing to do with this debtor.

The issue presented by WRI's motion could have been decided over a month ago in Cook County, IL (where this issue arose) but for the decision to put this debtor into Chapter 7 in Arizona. Since the

movants are all affiliated with the debtor (why else would their bank accounts be considered by Western Alliance Bank as part of a loan package for the debtor?), there is little doubt that the decision to redirect this litigation to this Court by filing this bankruptcy case was made by Patrick Cardon, the same individual whose declaration is now offered in support of the WRI motion. Admin. Dkt. No. 18. Mr. Cardon is also the one who paid the fees to have this case filed. Admin. Dkt. No. 10, SofA Item 11.1. Yet, not surprisingly, Mr. Cardon was not the one who appeared at the §341, even though he is the one who signed the loan documents, Admin. Dkt. No. 18-1, p. 34, and paid for the filing of this case.

To say that this is a simple matter ignores reality. One need only read the first 9 paragraphs of the Cardon declaration to get a sense (but certainly not an understanding) of the dizzying array of entities involved. It is alphabet soup at its very best.

Ware, the creditor holding the vast majority of the claims against this estate, Admin. Dkt. No. 10, Schedule F, has asked this Court for more time to respond to the motion. Among other things, the creditor cites the need to obtain local counsel to comply with the rules of this Court.

WRI, of course, objects to an extension, Admin. Dkt. No. 26, even though it was, apparently, the decision of WRI's principal, Mr. Cardon, to derail the Chicago litigation by filing this bankruptcy case. And, of course, the debtor and WRI have had an unlimited amount of time to line up Arizona lawyers. For example, the retainer for counsel for the debtor was paid nearly two months ago. Admin. Dkt.

No. 10, SOFA Item 11.1.  On the other hand, Ware, like the trustee, has had this bankruptcy case sprung upon him.

More than likely, the lawyers who obtained the judgment for Joseph Ware have the case on a contingent fee.  And, the plaintiff himself, Joseph Ware, probably doesn't have the means to hire a law firm in Arizona to participate in this bankruptcy case.  Thus, the process of finding local counsel is most likely difficult, since the financial arrangements will be complicated.  And, given the obvious complexities that this case will present, the selection of local counsel cannot be haphazard.

Since Mr. Ware is the largest creditor in this case, and since this issue originated with Mr. Ware's collection efforts in Chicago, a process that WRI's principal apparently decided to abort by filing this bankruptcy case, it is only fair to give Mr. Ware a full and fair opportunity to respond to the motion, especially since Mr. Ware is the one party best suited to address the issues presented.

For all these reasons, the trustee joins in the Ware motion and asks that this Court grant it, and allow both Ware and the trustee additional time to respond. While the trustee understands WRI's desire to get the money released, that might well have been done a month ago had the decision not been made to file this bankruptcy before the Chicago hearing rather than afterward. Since the bankruptcy filing has hamstrung Ware with the obligation to obtain local counsel, he should be given a fair opportunity to do so since Ware is not the one who chose to file this bankruptcy case, thereby preventing this matter from being decided in Chicago.

**WHEREFORE**, the trustee joins in and prays for the entry of an order granting the Ware motion for an extension of time as set forth herein.

DATED August 6, 2021.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
   Terry A. Dake
   P.O. Box 26945
   Phoenix, Arizona 85068-6945

COPY emailed August 6, 2021 to:

Matthew Elster
Beermann LLP
161 N Clark St
Ste 3000
Chicago, IL 60601
312-621-9700
312-621-0909 (fax)
mdelster@beermannlaw.com

MARVIN C. RUTH
Coppersmith Brockelman PLC
2800 N Central Avenue, Suite 1200
PHOENIX, AZ 85004
602-381-5462
602-224-6020 (fax)
mruth@cblawyers.com

/s/ TD009656

5