*TERRY A. DAKE, LTD.*
P.O. Box 26945
Phoenix, Arizona 85068-6945
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| HOME OPPORTUNITY, LLC; | ) | Case No. 2:21-BK-04924-EPB |
| | ) | |
| Debtor. | ) | |
|_____| ) | |

**MOTION TO APPROVE COMPROMISE**

      The trustee moves this Court for the entry of an order approving a compromise. The trustee's motion is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

      DATED July 5, 2022.

                             *TERRY A. DAKE, LTD.*

                             By_/s/ TD009656_____
                               Terry A. Dake
                               P.O. Box 26945
                               Phoenix, Arizona 85068-6945
                               Attorney for Trustee

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

      At the time of the bankruptcy filing, the debtor was a member of class action cases pending in Michigan regarding excess proceeds from foreclosures conducted for unpaid real property taxes. A settlement of two of those actions has been negotiated. The proposed settlement agreement is attached as Exhibit 1. Under the settlement, a settlement fund of $38,000,000.00 will be paid for by the defendants to pay claims

submitted against the fund. A deadline to file claims will be established in the class action and claims allowed in the class action will be paid from the fund. Since this is a settlement of a class action, the settlement must also be approved by the courts where the cases are pending. If the settlement is approved by all courts, then the trustee will submit claims on behalf of Home Opportunity, LLC to obtain funds for the bankruptcy estate.

The trustee believes that the proposed compromise is reasonable and in the best interest of the estate. The proposed compromise avoids the delay, expense and uncertainty of additional litigation and will provide a return to the estate. The exact amount to be recovered by the Home Opportunity estate will not, however, be determined until claims against the fund have been submitted and allowed. The trustee requests that the Court authorize the trustee to execute and deliver the attached settlement agreement on behalf of the estate.

**WHEREFORE,** the trustee prays for the entry of an order authorizing the trustee to execute and deliver the attached settlement on behalf of the estate.

DATED July 5, 2022.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
Terry A. Dake
P.O. Box 26945
Phoenix, Arizona 85068-6945

2



EXHIBIT 1



<u>**SETTLEMENT AGREEMENT AS TO OAKLAND COUNTY**</u>

This Settlement Agreement is made and entered into on _____, 2022, by and between Settling Defendants and Class Representatives, for themselves and on behalf of the Settlement Class.

<u>**PREAMBLE**</u>

WHEREAS, Bruce Taylor alleges, *inter alia,* that Oakland County, its Board of Commissioners and its former Treasurer, Andrew Meisner (the "Settling Defendants") violated 42 U.S.C. § 1983 and the United States and Michigan Constitutions by foreclosing taxpayers' real property for non-payment of real property taxes, selling the real property at auction and retaining the surplus proceeds beyond the amount of taxes, fees, interest and penalties due. The claims of Bruce Taylor are before the United States District Court for the Eastern District of Michigan in the case of *Bowles v. County of Wayne, et al*, Case No. 20-cv-12838. In addition, similar claims have been made in Michigan state court on behalf of Andre Ohanessian and Home Opportunity, LLC in the case of *Rafaeli v. Oakland County*, Oakland County Circuit Court Case No. 2015-147429-CZ (currently on appeal to the Michigan Court of Appeals). The *Bowles* and *Rafaeli* cases are together referred to as the "Lawsuit." Bruce Taylor, Andre Ohanessian and Home Opportunity, LLC are together referred to as the "Class Representatives."

WHEREAS, Class Representatives have contended that they and the Settlement Class (as defined below) are entitled to actual damages and other relief as a result of violations of the laws as alleged arising from Settling Defendants' conduct;

WHEREAS, Settling Defendants deny any and all purported wrongdoing in connection with the facts and claims that have been or could have been alleged against them, and have asserted a number of defenses to Class Representatives' claims;

WHEREAS, Class Representatives, through Settlement Class Counsel (Aaron Cox, David Shea, Mark Wasvary, Philip Ellison, and Matthew Gronda), have conducted an investigation into the facts and the law and have concluded that resolving the claims against Settling Defendants, according to the terms set forth below, is in the best interests of the Settlement Class in order to avoid the uncertainties of litigation and assure that the benefits reflected herein are obtained for the Settlement Class;

WHEREAS, Settlement Class Counsel considers the settlement herein to be fair, reasonable, and adequate, and in the best interests of the Settlement Class because of the uncertainties of litigation, and payment of the Settlement Amount (defined below) that Settling Defendants have agreed to provide pursuant to this Agreement;

WHEREAS, Settling Defendants, despite their beliefs that they have valid defenses to such claims, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and risk, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality this controversy, including releases of all claims that have been or could be asserted against Settling Defendants;

WHEREAS, arm's length settlement negotiations have taken place between Settlement Class Counsel and counsel for Settling Defendants and with the assistance of a mediator, and this Agreement embodies the terms and conditions of the settlement between Settling Defendants and Class Representatives, both individually and on behalf of the Class;

WHEREAS, the Settlement Class consists of a class defined as:

> All real property owners formerly owning real property within the County of Oakland who had their real property foreclosed for non-payment of taxes pursuant to the Michigan General Property Tax Act, MCL 211.78, et seq., which was sold at tax auction for more than the amount owed in unpaid taxes, interest, penalties and fees and were not refunded the surplus amount. The period at issue is

June 8, 2009 through June 30, 2022. Any former property owner who has filed their own post-foreclosure civil lawsuit which has become final or has otherwise settled with Oakland County is excluded.

Each person in the Settlement Class may be referred to as a "Class Member."

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein, including the representations in the Preamble, and for other good and valuable consideration, the adequacy of which is acknowledged, it is agreed by and among the undersigned that the Lawsuit be settled, compromised, and dismissed on the merits with prejudice as to the Settling Defendants and, except as hereinafter provided, without costs to Class Representatives, the Settlement Class, or Settling Defendants, subject to the approval of the Court on the following terms and conditions:

A.  **APPROVAL OF SETTLEMENT AGREEMENT.**

1.  **Reasonable Best Efforts.** Settlement Class Counsel and Settling Defendants shall use their reasonable best efforts to effectuate this Agreement including, but not limited to, cooperating in seeking the Court's approval for the establishment of procedures (including providing class notice under the Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete and final dismissal with prejudice of the Lawsuit, as to the Settling Defendants only.

2.  **Preliminary Approval Motion.** The parties shall submit to the Court a joint Preliminary Approval Motion. The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed Final Judgment and Order of Dismissal that shall include, at a minimum, the terms set forth in Paragraph 5.

3.  **Preliminary Approval and Preliminary Fairness Hearing**. Settling Defendants and Settlement Class Counsel agree to collaborate in their presentations at the preliminary approval and preliminary fairness hearing, with Settling Defendants, Class Representatives, and Settlement

Class Counsel, using their reasonable best efforts to establish that this settlement is in the best interests of the Settlement Class.

4. **Notice to Class Members and Notice Motion**. Simultaneously with the filing of the Preliminary Approval Motion, Settlement Class Counsel and Settling Defendants shall submit to the Court a joint Notice Motion. The Notice Motion shall include a proposed form of, method for, and date of dissemination of class notice.

    a. Class notice and procedures governing dissemination of the notice will be reasonably calculated to apprise Class Members of the pendency of the Lawsuit, the Agreement, and their opportunity to be heard and to opt out. The Notice Motion shall inform the Court of the parties' express agreement as follows:

        i. Class Members shall have 90 days from the date which the Notices are issued to file a valid claim with the Claims Administrator. A valid claim must be signed by an owner of the property at the time of the foreclosure and shall require a copy of a government-issued identification such as a driver's license.

        ii. Class Members shall have 30 days from the date which the Notices are issued to file an opt out/exclusion request in accordance with Paragraph 23 below. A valid opt out/exclusion request must be signed by an owner of the property at the time of the foreclosure.

        iii. If a Class Member is deceased, an heir or beneficiary of the decedent may file a claim within 90 days from the date which the Notices are issued. An additional 30 days shall be allowed for any procedures necessary in order to obtain a certified copy of Letters of Authority from a probate court (120 days total) on behalf of the decedent. A valid claim must include a certified copy of Letters of Authority and the claim will only be paid to the estate. No claim will be paid to alleged heirs of the decedent.

        iv. If the property was owned by a trust at the time of the foreclosure, a Certificate of Trust must be provided by the trust with the claim.

    b. Immediately after Court approval of the Notice Motion and the terms outlined in Paragraph 4(a)(i)-(iv), Settling Defendants shall supply to the Claims Administrator the last known contact information of Class Members which will cover the entire Settlement Class period (June 8, 2009 to July

17, 2020).  The Claims Administrator shall be approved by the Court in the Notice Motion.

5.    **Final Approval Motion.**  If the Court preliminarily approves this settlement and Agreement, Class Representatives shall submit a Final Approval Motion to the Court, after appropriate notice to the Settlement Class, and shall seek entry of a Final Judgment and Order of Dismissal.  The proposed Final Judgment and Order of Dismissal shall include, at a minimum, the substance of the following provisions:

a.    Certifying the Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for the purposes of this settlement;

b.    Providing final approval of this settlement and its terms as being fair, reasonable, and adequate within the meaning of Rule 23 and directing its consummation according to its terms;

c.    Directing that all Class Members shall, by operation of law, be deemed to have released the Settling Defendants from the claims that were made or could have been made in the Lawsuit;

d.    Directing that the *Bowles* case be dismissed with prejudice as to the Settling Defendants and, except as provided for in this Agreement, without costs;

e.    Reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration, enforcement and consummation of this settlement, to the Court, and including any fee, expense and service awards;

f.    Determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal of the Lawsuit as to the Settling Defendants shall be final; and

g.    Enjoining all Class Members from asserting any claim that was made or could have been made against any of the Settling Defendants in the Lawsuit.

In addition, Settlement Class Counsel shall stipulate to the dismissal with prejudice and without costs of the *Rafaeli* case, currently pending in the Michigan Court of Appeals.

6.      **Review of Filings and Other Settlement-Related Documents**.  All motions, pleadings, filings, reports, forms, and other documents related to approval or performance of the settlement shall be submitted to Settling Defendants for reasonably prompt comment as to form and content prior to submission or transmission to the Court or Class Members.  This includes, but is not limited to, the Preliminary Approval Motion, the Notice Motion, the Petition for fees, expenses and service awards, the proposed Final Judgment and Order of Dismissal, and all exhibits thereto.  Settling Defendants shall not file a response to the fee Petition, and will leave the matter to the discretion of the Court, provided Settlement Class Counsel a) accurately states the law related to such consideration and b) includes only time expenditures related to the Lawsuit.

7.      **Finality of Agreement**.

a.      The Effective Date of the settlement shall be the latest date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events, and the Agreement shall become final upon the occurrence of all of the following events:

i.      Execution of this Agreement;

ii.     Entry of the Preliminary Approval Order;

iii.    Approval of the class notice;

iv.     Expiration of the deadline for Class Members to request exclusion from the settlement;

v.      Entry of the Final Judgment and Order of Dismissal, following dissemination of class notice and the final fairness hearing, and it has become final;

vi.     If the Final Judgment and Order of Dismissal is appealed, (1) such appeal is finally dismissed prior to resolution by the applicable court; (2) the Final Judgment and Order of Dismissal is affirmed in its entirety by the court of last resort to which such appeal may be taken; or (3) the Final Judgment and Order of Dismissal is modified,

all persons agree to the modifications and withdraw any pending appeals, and such document is finally entered;

vii. Entry of an order in the appropriate Michigan court dismissing the *Rafaeli* case with prejudice and without costs; and

b. Notwithstanding any other provisions in this Paragraph 7, if the Final Judgment and Order of Dismissal is modified by any court in a material way, Settling Defendants or Settlement Class Counsel (on behalf of the Settlement Class) may rescind this Agreement.

8. **No admission of Wrongdoing or Liability by Settling Defendants**. Nothing in this Agreement will constitute or be construed as an admission of liability or wrongdoing by the Settling Defendants. Neither this Agreement (regardless of whether it becomes final), nor the Final Judgment and Order of Dismissal, nor any and all negotiations, documents, or discussions associated with them, nor any proceedings undertaken in accordance with the terms set forth herein, shall be deemed or construed to be (i) an admission or concession by the Settling Defendants (or evidence thereof) in any action or proceeding of any kind whatsoever, before any court, arbitrator or any other body or authority, present or future, (ii) evidence of any violation of any constitution, statute or law or of any liability or wrongdoing whatsoever by the Settling Defendants, or (iii) evidence of the truth or validity of any of the claims or allegations contained in the Lawsuit or any pleading that Class Representatives or Class Members have or could have asserted against the Settling Defendants. Settling Defendants expressly deny any wrongdoing or liability whatsoever for any and all such claims and allegations.

B. **SETTLEMENT AMOUNT.**

**9.    Settlement Amount.**  Subject to the provisions hereof, and in full, complete, and final settlement of the Lawsuit, Settling Defendants shall pay or cause to be paid the Settlement Amount of $38 million ($38,000,000), plus the costs of notice and claims administration.  The Settlement Amount shall be paid in U.S. dollars into a qualified settlement fund established by the Claims Administrator.  Settling Defendants state, to the best of their information, knowledge and belief, after a review of their records and consultation with persons who have knowledge, that the total amount of surplus proceeds obtained by Settling Defendants following a tax foreclosure auction beyond the amount of taxes, fees, interest and penalties due from Class Members arising out of non-payment of real property taxes during the period of June 8, 2009 to the date of the filing of the Preliminary Approval Motion is approximately $47,847,000.

**10.    Payment Timing.**  The Settlement Amount shall be paid within 10 calendar days of the Court's entry of the Final Judgment and Order of Dismissal.  All notice and administration costs shall be paid by Settling Defendants directly to the Claims Administrator.

**11.    Tax Benefits and Consequences.**  Settling Defendants and Settlement Class Counsel do not warrant to Class Representatives or Class Members any tax benefits or consequences arising from this Agreement or any of the payments made to Class Representatives and Settlement Class Members pursuant to this Agreement.  All federal, state, and local taxes owed by Class Representatives and Class Members on any of the amounts paid pursuant to this Agreement are the responsibility of Class Representatives and Class Members, and not the Settling Defendants or Settlement Class Counsel.  Class Members shall be issued an IRS Form 1099-S on all valid claims and an IRS Form 1099-INT if interest is paid on valid claims.

**12.    Qualified Settlement Fund.**  The Claims Administrator shall be selected by the parties and will establish a qualified settlement fund ("Fund") with a federally chartered bank.  The

Settlement Amount shall be paid into the Fund and is to be administered by the Claims Administrator under the Court's continuing supervision and control.

    a.      No monies shall be paid from the Fund without the written authorization of Settlement Class Counsel and Settling Defendants, and such authorization shall not be unreasonably withheld.

    b.      The Claims Administrator shall cause the funds deposited in the Fund to be invested in short-term instruments backed by the full faith and credit of the U.S. Government or fully insured in writing by the U.S. Government, or money market funds rated Aaa and AAA, by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The parties shall bear no risk related to the management and investment of the Fund. Settling Defendants shall not be required to deposit additional funds as a result of investment or other losses to the Fund.

    c.      The Fund shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the terms of this Agreement or order(s) of the Court.

    d.      Class Representatives and Settling Defendants agree to treat the Fund as being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Claims Administrator shall timely make such elections and filings as necessary or advisable to carry out the provisions of this Paragraph. Such elections shall be made in accordance with procedures and requirements contained in the regulations promulgated under Internal Revenue Code Section 468B. It shall be the responsibility of

the Claims Administrator to timely and properly submit the appropriate filings to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.

**13.**     **Distribution of Fund to Class.**  After this Agreement becomes final pursuant to Paragraph 7, the Claims Administrator shall distribute the Fund in accordance with Paragraph 15 following written approval by Settlement Class Counsel and Settling Defendants.

**14.**     **Attorneys' Fees and Expenses and Service Awards.**  Settlement Class Counsel shall be reimbursed and indemnified solely out of the Fund for all attorneys' fees, expenses, and costs, in amounts not to exceed those provided by Court order.  Settlement Class Counsel shall file their fee and expense petition, and provide notice to Class Members, in accordance with Sixth Circuit practice.  All such fees, expenses and costs as are approved by the Court shall be solely paid out of the Fund.  Settling Defendants shall take no position before the Court as to the amount of fees to be paid to Settlement Class Counsel, subject to Paragraph 6.

A.     Settlement Class Counsel may submit an application to the Court for: (i) an award of attorneys' fees plus (ii) reimbursement of expenses and costs reasonably and actually incurred in connection with prosecuting the Lawsuit.

b.     Settlement Class Counsel may also seek service awards for Class Representatives as part of their fee and expense application in accordance with Sixth Circuit practice.  Any service awards approved by the Court shall be payable from the Fund.

c. Settling Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel or Class Representatives of any fee and expense award or service award.

d. Notwithstanding any other provision of this Agreement to the contrary, the fee and expense application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceeding relating to the fee and expense application, or any appeal of any order relating thereto or reversal or modification thereof, that does not have the effect of increasing Settling Defendants' financial obligation under this Agreement, shall not operate to terminate or cancel this Settlement Agreement or the settlement of the Lawsuit, or affect the finality or binding nature of any of the releases granted hereunder.

e. Other than as set forth in this Paragraph, Settling Defendants shall not be liable for any costs, fees, or expenses of any of Class Representatives or the Settlement Class, including without limitation attorneys' fees and expenses, attorneys' fees and expenses incurred in administering the fund, and attorneys' fees and expenses associated with the Lawsuit, including appeals.

**15.** **Distributions of the Settlement Fund.** The parties agree that the Fund shall be paid out after the Effective Date as follows:

a. First, the fee, expense and service awards shall be paid from the Fund.

b. Second, if the total amount of the valid and timely claims does not exceed the balance of the Fund after payment of the fee, expense and service awards, each Claim shall be paid in full. Each claim consists of the surplus proceeds generated from the tax foreclosure auction sale of the Class Member's former property without interest as shown

by the claims data provided to the Claims Administrator by Settling Defendants. If the total amount of the valid and timely claims exceeds the balance of the Fund after payment of the fee, expense and service awards, each claim shall be paid pro rata as determined by the Claims Administrator.

c.      <u>Third</u>, if there then remains any balance in the Fund, Settling Defendants may use all remaining funds in the Fund as necessary to litigate or settle any claims by persons who have opted out of the settlement with a valid and timely exclusion or opt out request.

d.      <u>Fourth</u>, if there then remains any balance in the Fund, Settling Defendants shall be paid up to $3 million ($3,000,000).

e.      <u>Fifth</u>, if there then remains any balance in the Fund over $150,000, this sub-Paragraph applies, but if the balance in the Fund is $150,000 or less, this sub-Paragraph does not apply and any remaining balance in the Fund shall be paid pursuant to sub-Paragraph f. If this sub-Paragraph applies and if the then remaining balance is sufficient to pay Michigan statutory interest on each Claim, Class Counsel shall calculate the amount due and submit that calculation to Settling Defendants for approval, and thereafter, interest shall be paid by the Claims Administrator on valid and timely claims. The cost of the Claims Administrator related to this sub-Paragraph shall first be paid from the Fund before any payments are issued under this sub-Paragraph. If the balance in the Fund is insufficient to pay the total amount of interest on each Claim, the interest amount shall be reduced and paid pro rata.

f.    <u>Sixth</u>, if there then remains any balance in the Fund up to $250,000, that amount shall be paid to Oakland Livingston Human Service Agency who shall use those funds to educate and prevent tax foreclosures and for no other purpose.

g.    <u>Seventh</u>, if there is any remaining balance in the Fund, it shall be paid to the Settling Defendants.

**16.    <u>Objections to Claims.</u>**  The Settling Defendants may object to any Claim that is asserted on the basis that the claimant is not a Class Member or otherwise not entitled to payment under this Agreement.  The Court retains jurisdiction to adjudicate such a dispute in the form and manner in which the Court determines is appropriate.

**17.    <u>Amounts Paid Not a Penalty.</u>**  It is understood and agreed that no consideration or amount or sum paid, credited, offered, or expended by Settling Defendants in performance of this Agreement constitutes a penalty, fine, punitive damages, or other form of assessment for any alleged claim.

**C.    <u>RELEASE, DISCHARGE, AND COVENANT NOT TO SUE.</u>**

**18.    <u>Released Claims and Covenant Not to Sue.</u>**  In addition to the effect of any final judgment entered in accordance with this Agreement, upon the Effective Date as set out in Paragraph 7, and in consideration of the payment of the Settlement Amount into the Fund, and for other valuable consideration, the Settling Defendants shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and are forever released, relinquished, and discharged of all Claims by any and all of the Class Members, including the Class Representatives.  Persons in the Class release all Claims which were brought or could have been brought in the Lawsuit.  The parties intend that the releases in this Agreement be interpreted and enforced broadly and to the fullest extent permitted by law.  Each Class Member shall be

deemed to have released the Settling Defendants regardless of whether any such Class Member ever seeks or obtains by any means, including without limitation through the claim process, any distribution from the Fund. Class Representatives and Settling Defendants acknowledge, and Settlement Class Members shall be deemed by operation of the Final Judgment and Order of Dismissal to have acknowledged, that the foregoing waivers and releases were separately bargained for and a key element of the settlement of which these releases are part.

a. All Class Members also covenant not to sue the Settling Defendants with respect to any Claim, and agree that all Class Members shall be permanently barred and enjoined from commencing, maintaining, prosecuting, causing, cooperating with, advising to be commenced or maintained, or encouraging any action, suit, proceeding, or claim in any court, tribunal, administrative agency, arbitrator, or other body in any jurisdiction against the Settling Defendants based in whole or in part upon, arising out of, or in any way connected or related to the Lawsuit.

b. Each Class Member may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the Lawsuit. Nevertheless, each Class Member expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the Lawsuit, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts or any subsequent legal developments which may in any way impact the claims asserted in the Lawsuit.

19.    **All Claims Satisfied by Fund.**  Each Class Member shall look solely to the Fund for settlement and satisfaction of all claims of any kind and for any form of monetary compensation or relief (including attorneys' fees and costs).  Except as provided by order of the Court pursuant to this Agreement, no Class Member shall have any interest in the Fund or any portion thereof.

20.    **Enforcement of Release.**  Notwithstanding any other provision of this Agreement, nothing in this Agreement will prevent Settling Defendants from pleading this Settlement Agreement as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the claims that were filed or could have been filed in the Lawsuit.

D.    **ADMINISTRATION OF SETTLEMENT.**

21.    **Claims and Release.**  Any Settlement Class Member who does not follow the instructions of the order resulting from the Notice Motion will not be entitled to any of the proceeds from the Fund, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Lawsuit and the releases provided for herein, and will be barred from bringing any action or proceeding against the Settling Defendants based in whole or in part upon, arising out of, or in any way connected or related to the Lawsuit.

22.    **Claims Administrator.**  The Claims Administrator shall process the Fund in accordance with the order resulting from the Notice Motion, and, after the Final Judgment and Order of Dismissal has become final, distribute the Fund in accordance with Paragraph 15.  Except for their obligation to fund the settlement or cause it to be funded as detailed in this Agreement, Settling Defendants shall have no liability, obligation, or responsibility for the administration of the settlement or disbursement of the Fund.

23.     __Written Exclusion for Opt-Outs.__  Subject to Court approval, persons and entities within the Class shall have the right to exclude themselves from the Class pursuant only to the procedure set forth in the Class Notice and approved by the Court.  Any person or entity seeking exclusion from the Class must serve a written request for exclusion by the opt-out deadline.  Any Class Member that serves such a request shall be excluded from the Class and shall have no rights with respect to the Class, and will not be bound by this Settlement Agreement.  Settling Defendants reserve their legal rights and defenses, including, but not limited to, any defenses relating to whether any excluded Class Member is a Class Member or has standing to bring a claim against the Settling Defendants.  Each person or entity in the Class that does not file a timely and appropriate written request for exclusion in accordance with the procedures set forth in the Class Notice shall be bound by all of the terms of this Agreement, including the releases, and by all proceedings, orders, and judgments in the Lawsuit, even if any such person or entity has pending, or subsequently initiates, litigation, arbitration, or any other claim, action, or proceeding against the Settling Defendants.

24.     __Failure to Properly Exclude.__  Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.

25.     __Identification of Opt-Outs.__  Settlement Class Counsel shall, within 10 business days of the opt-out deadline, provide Settling Defendants with a list and copies of all opt-out requests they received and shall file with the Court a list of all persons and entities who timely and validly opted out of the settlement.

E.    **STAY OF PROCEEDINGS.**

26.    **Stay.**   Upon execution of this Agreement, the parties agree to stay any and all proceedings against Settling Defendants, other than those incident to the settlement process, and agree to extensions of time with respect to any court filings necessary to effectuate such stays.

F.    **RESCISSION IF AGREEMENT/FINAL JUDGMENT IS NOT APPROVED.**

27.    **Rescission.**   The Class Representative and Settling Defendants shall each, in their sole discretion, have the option to rescind this Agreement in its entirety if any of the following occurs:

a.    The Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Class;

b.    Such approval is modified or set aside on appeal;

c.    The Court does not enter the Final Judgment and Order of Dismissal; or

d.    The Court enters the Final Judgment and Order of Dismissal and appellate review is sought, and on such review, such Final Judgment and Order of Dismissal is not affirmed in its entirety.

e.    Written notice of the exercise of any such right to rescind shall be given to the parties within 10 business days following the occurrence of such an event.

28.    **Return of Settlement Funds.**   If this Agreement does not become final as set forth in Paragraph 7, or this Agreement otherwise is rescinded or terminated, then this Agreement shall be of no force or effect and any money deposited in the Fund, along with any income accrued thereon, shall be returned to Settling Defendants.   Such payments will be made from the Fund within ten (10) calendar days of rescission, termination, or a court's final determination denying

final approval of the Agreement.  The parties expressly reserve all of their rights if this Agreement is rescinded or does not become final.

29. **Resumption of Litigation.**  The parties agree, subject to approval of the Court, that if the Agreement is not approved by the Court, the Agreement does not become final or the Agreement is otherwise rescinded, litigation of the Lawsuit will resume in a reasonable manner to be approved by the Court upon application by the parties.  The parties expressly reserve all of their rights if this Agreement is rescinded or does not otherwise become final.

G. **MISCELLANEOUS.**

30. **Binding Effect.**  Each and every covenant and agreement in this Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of all Class Representative, Settling Defendants, Settlement Class Members, and their counsel.

31. **Notice.**  Any and all notices, requests, consents, directives, or communications by any Party intended for any other Party related to this Agreement shall be in writing and shall, unless expressly provided otherwise herein, be given by e-mail, to the following persons, and shall be addressed as follows:

**TO THE CLASS REPRESENTATIVES and SETTLEMENT CLASS:**

Aaron D. Cox
LAW OFFICES OF AARON D. COX, PLLC
admin@aaroncoxlaw.com

**TO SETTLING DEFENDANTS:**

William H. Horton
GIARMARCO, MULLINS & HORTON, PC
bhorton@gmhlaw.com

32. **Integrated and Final Agreement.**  This Agreement comprises the entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties, and is not subject to any condition except as explicitly provided herein.  This Agreement supersedes any prior agreements, representations, warranties, statements, or

understandings, whether written or oral, between or among the parties regarding the subject matter of the Lawsuit. The parties hereby disclaim reliance on any prior agreements, representations, warranties, statements, or understandings, whether written or oral, in entering into and performing in accordance with this Agreement. Any and all prior term sheets are rendered null and void upon full execution of this Agreement. In no event is any prior term sheet deemed to be the Agreement. This Agreement may not be modified or amended except in writing executed by all Class Representatives and Settling Defendants, and approved by the Court

33. **CAFA.** Defendants shall timely submit all materials required to be sent to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and notify the Court that CAFA compliance has been accomplished.

34. **Headers.** The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

35. **No Party Is the Drafter.** This Agreement was jointly negotiated, prepared, and drafted by Settlement Class Counsel and counsel for Settling Defendants. This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide for a complete resolution of the claims with respect to the Settling Defendants. None of the parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter thereof.

36. **Choice of Law.** All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of Michigan.

37. **Consent to Jurisdiction.** Settling Defendants and each Class Member irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising

out of or relating to this Agreement or the applicability of this Agreement to resolve any disputes or controversies, including but not limited to enforcement regarding released claims, the validity or timeliness of any claim or the validity or timeliness of any exclusion or opt out request. Settling Defendants and Class Members (including those who challenge their inclusion in the Settlement Class) also agree that, in the event of such dispute, they are and shall be subject to the jurisdiction of the Court and that the Court is a proper venue and convenient forum. Settling Defendants, Settlement Class Members and Settlement Class Counsel shall jointly urge the Court to include the provisions of this Paragraph in its Final Judgment and Order of Dismissal.

**38.** **Non-Disparagement.** All parties and their counsel agree not to disparage, criticize, or denigrate opposing parties (individually or collectively) to any person or entity (including but not limited to any media outlet, television station or program, radio station or program, newspaper, magazine, website, editor, reporter, journalist, photo-journalist, interviewer, author, columnist, blogger, mobile application or social media platform of any kind (,including, but not limited to Facebook, Twitter, Instagram), writer, or current or former employee of the Settling Defendants) regarding any matter related to the Agreement or any of the allegations, claims, or defenses in the in the Lawsuit.

**39.** **Voluntary Settlement and Agreement; Advice of Counsel.** Each Party agrees and acknowledges that it has (1) thoroughly read and fully understands this Agreement and (2) received or had an opportunity to receive independent legal advice from attorneys of its own choice with respect to the advisability of entering into this Agreement and the rights and obligations created by this Agreement. Each Party agrees that this Agreement was negotiated in good faith by the parties and reflects a settlement that was reached voluntarily after consultation with competent

legal counsel. Each Party enters into this Agreement knowingly and voluntarily, in consideration of the promises, obligations, and rights set forth herein.

40. **Authorization to Enter Agreement.** The undersigned Settling Defendants' counsel represent that they are fully authorized to enter into and to execute this Agreement on behalf of the Settling Defendants. The undersigned Settlement Class Counsel represent that they are fully authorized to enter into and to execute this Agreement on behalf of Settlement Class Counsel, Class Representatives, and the Settlement Class, subject to Court approval.

41. **Non-Assignment.** Class Representatives represent and warrant that they have not assigned, transferred, conveyed, released, or discharged, voluntarily or involuntarily, or by operation of law, to any other person or entity any interest in the claims, actions, or disputes which are the subject of this Agreement.

42. **Execution in Counterparts.** This Agreement may be executed in counterparts. Facsimile, .pdf signatures, DocuSign signatures, or similar electronic signatures shall be considered valid signatures. On the Execution Date, Class Representatives, Settlement Class Members, and Settling Defendants shall be bound by the terms of this Agreement, and this Agreement shall not be rescinded except in accordance with this Agreement.

**CLASS REPRESENTATIVES**

_____
Bruce Taylor


_____
Andre Ohanessian

Home Opportunity, LLC

By:_____
Its:

**SETTLEMENT CLASS COUNSEL**


_____
DAVID J. SHEA


_____
AARON D. COX


_____
MARK K. WASVARY


_____
PHILIP L. ELLISON


_____
MATTHEW E. GRONDA


**SETTLING DEFENDANTS**

OAKLAND COUNTY

By:_____
Its: